| THIBODEAUX, C.J.,
dissenting.
Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) prohibits the use of an accused’s post-arrest silence. Any reference to an accused’s post-arrest silence is legally impermissible. The use of such reference in cross examination of the defendant or in the state’s closing argument emasculates the right to remain silent, as guaranteed by the Fifth and Fourth Amendments to the United States Constitution and by Article 1, § 13 of the Louisiana Constitution.
In many, if not most criminal cases, the fairness of the police investigation is almost always attacked. The use of such a legitimate tactic is extremely limited if, by doing so, the state’s inquiry into an accused’s post-arrest silence is invited. Such a deterrent on the presentation of the defendant’s case raises serious questions with regard to the right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution and by Article 1, § 13 of the Louisiana Constitution. It is incongruous for one to forfeit a constitutional right because other constitutional rights have been exercised or because the strength of the state’s case is attacked.
At the very least, the trial court should have admonished the jury in accordance with La.Code Crim.P. arts. 770 and 771.
*259 For the foregoing reasons, I respectfully dissent. I would reverse the defendant’s conviction and remand to the trial court for a new trial.